UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**MICHAEL SHANE REID**                                                                          **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO.  1:23-CV-P150-JHM**

**MED CENTER HEALTH/EMS**                                                                **DEFENDANT**

**MEMORANDUM OPINION**

This is a *pro se* prisoner civil action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, this action will be dismissed.

**I.**

Plaintiff is incarcerated at the Warren County Regional Jail.  He sues "Med Center Health/EMS."[1]  Plaintiff alleges that was transported to The Medical Center by EMS on February 1, 2023.  He states that a Bowling Green police officer followed EMS to the hospital.  Plaintiff further states that upon the officer's arrival, medical staff advised the officer that Plaintiff "was trying or attempting to drink himself to death."  Plaintiff asserts that this disclosure violated his rights under the Health Insurance Portability and Accountability Act of 1996 (HIPAA).  Plaintiff also alleges that because the officer shared this information in court, it "aided in indicting" Plaintiff.  As relief, Plaintiff seeks damages.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon

---

[1] The Medical Center at Bowling Green is a hospital.  *See* https://medcenterhealth.org/location/the-medical-center-at-bowling-green.

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff's only claim in this action is based upon HIPAA. Title II of HIPAA, codified at 42 U.S.C. § 1320a *et seq.*, was created to protect against the unauthorized disclosure of health records and information by a medical provider. However, only the Secretary of the Department of Health and Human Services may file suit to enforce its provisions. 42 U.S.C. § 1320d-5(d); *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010). Private citizens have no standing to sue for a violation of HIPAA because HIPAA does not authorize a private cause of action. *Faber v. Ciox Health, LLC*, 944 F.3d. 593, 596-97 (6th Cir. 2019). Thus, this action must be dismissed for failure to state a claim upon which relief may be granted.

### IV.

For the reasons set forth herein, the Court will dismiss this action by separate Order.

Date: December 21, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011